1 | **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
William M. Turner (State Bar No. 199526)
2 | 601 South Figueroa Street, 27th Floor
Los Angeles, California 90017-5759
3 | Telephone: (213) 485-1555
Facsimile: (213) 689-1004

Attorneys for Defendants
Mutual Service Corporation and
Michael T. Woods

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| RINDY MERRIFIELD, individually and as trustee of the RINDY MERRIFIELD INC. DEFINED BENEFIT PLAN,<br><br>Plaintiff,<br><br>v.<br><br>MUTUAL SERVICE CORPORATION and MICHAEL T. WOODS,<br><br>Defendants. | **Case No. 3-2008-cv-02247**<br><br>**ANSWER OF DEFENDANTS MUTUAL SERVICE CORPORATION AND MICHAEL T. WOODS TO PLAINTIFF'S COMPLAINT** |
|---|---|

Defendants Mutual Service Corporation and Michael T. Woods answer Plaintiff Rindy Merrifield's complaint as follows:

    1.    Defendants deny the allegations in paragraph one of the complaint.

    2.    Defendants deny the allegations in paragraph two of the complaint.

    3.    Defendants admit the allegations in paragraph three of the complaint.

    4.    Defendants admit the allegations in paragraph four of the complaint.

    5.    Defendants admit the allegations in paragraph five of the complaint.

    6.    Defendants admit the allegations in paragraph six of the complaint.

7. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph seven of the complaint, and on that basis, Defendants deny such allegations.

8. Defendants admit the allegations in paragraph eight of the complaint.

9. Defendants admit the allegations in paragraph nine of the complaint.

10. Defendants admit the allegations in paragraph ten of the complaint.

11. Defendants admit the allegation in paragraph 11 of the complaint that beginning in or about March, 2001, Plaintiff, acting on behalf of the Plan, retained Defendants to render investment advice and transact securities trades for the Plan, as well as for Plaintiff's Individual Retirement Account ("IRA") and Plaintiff's personal account. Defendants deny the allegation that Plaintiff retained Defendants to manage investments for the Plan, Plaintiff's IRA and Plaintiff's personal account. Defendants also deny the allegation that Defendants agreed to manage the assets in Plaintiff's accounts on a discretionary basis.

12. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 12 of the complaint, and on that basis, Defendants deny such allegations.

13. Defendants deny the allegations in paragraph 13 of the complaint.

14. Defendants deny the allegations in paragraph 14 of the complaint.

15. Defendants deny the allegations in paragraph 15 of the complaint.

16. Defendants deny the allegations in paragraph 16 of the complaint.

17. Defendants deny the allegations in paragraph 17 of the complaint.

18. Defendants admit the allegation in paragraph 18 of the complaint that beginning in or about March, 2001, Plaintiff retained Defendants to render investment advice and transact securities trades for Plaintiff's personal accounts. Defendants deny the allegation that Plaintiff retained Defendants to manage investments for Plaintiff's personal accounts. Defendants also deny the allegation that Defendants agreed to manage the assets in the personal accounts on a discretionary basis.

1  19. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 19 of the complaint, and on that basis, Defendants deny such allegations.

20. Defendants deny the allegations in paragraph 20 of the complaint.

21. Defendants deny the allegations in paragraph 21 of the complaint.

22. Defendants deny the allegation in paragraph 22 of the complaint.

23. Defendants admit the allegation in paragraph 23 of the complaint that in or about 2004, Defendants sold to Plaintiff an investment in a limited partnership known as Atel. Defendants deny the remaining allegations in paragraph 23.

24. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegation in paragraph 24 of the complaint that Plaintiff relied on Defendant Woods' statements when she invested in Atel. Defendants deny the remaining allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25 of the complaint.

26. Defendants deny the allegation in paragraph 26 of the complaint.

27. In response to paragraph 27 of the complaint, Defendants incorporate herein by this reference its answers above to paragraphs 1 through 26 as though they were set forth in full at this point.

28. Defendants deny the allegations in paragraph 28 of the complaint.

29. Defendants deny the allegations in paragraph 29 of the complaint.

30. Defendants deny the allegations in paragraph 30 of the complaint.

31. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 31 of the complaint, and on that basis, Defendants deny such allegations.

32. In response to paragraph 32 of the complaint, Defendants incorporate herein by this reference its answers above to paragraphs 1 through 31 as though they were set forth in full at this point.

33. Defendants deny the allegation in paragraph 33 of the complaint that Defendants were fiduciaries to Plaintiff. Defendants lack sufficient knowledge and information to

1  form a belief as to the allegation that Plaintiff reposed her trust and confidence in Defendants'
2  investment advice and recommendations, and on that basis, Defendants deny the allegation.

3      34.     Defendants deny the allegation in paragraph 34 of the complaint.

4      35.     Defendants deny the allegation in paragraph 35 of the complaint.

5      36.     Defendants deny the allegations in paragraph 36 of the complaint.

6      37.     In response to paragraph 37 of the complaint, Defendants incorporate herein by
7  this reference its answers above to paragraphs 1 through 36 as though they were set forth in full at
8  this point.

9      38.     Defendants admit the allegation in paragraph 38 of the complaint that
10 Defendants held themselves out to Plaintiff as professionals engaged in the business of rendering
11 investment advice. Defendants deny the remaining allegations in paragraph 38.

12     39.     Defendants deny the allegations in paragraph 39 of the complaint.

13     40.     Defendants deny the allegations in paragraph 40 of the complaint.

14     41.     Defendants deny the allegations in paragraph 41 of the complaint.

15     42.     Defendants deny the allegation in paragraph 42 of the complaint.

16     43.     Defendants deny the allegations in paragraph 43 of the complaint.

17     44.     In response to paragraph 44 of the complaint, Defendants incorporate herein by
18 this reference its answers above to paragraphs 1 through 43 as though they were set forth in full at
19 this point.

20     45.     Defendants admit the allegations in paragraph 45 of the complaint.

21     46.     Defendants deny the allegations in paragraph 46 of the complaint.

22     47.     Defendants deny the allegations in paragraph 47 of the complaint.

23     48.     Defendants deny the allegation in paragraph 48 of the complaint.

24     49.     In response to paragraph 49 of the complaint, Defendants incorporate herein its
25 answers above to paragraphs 1 through 48 as though they were set forth in full at this point.

26     50.     Defendants deny the allegations in paragraph 50 of the complaint.

27     51.     Defendants deny the allegations in paragraph 51 of the complaint.

28     52.     Defendants deny the allegations in paragraph 52 of the complaint.

1  53.  Defendants deny the allegations in paragraph 53 of the complaint.

2  54.  Defendants deny the allegations in paragraph 54 of the complaint.

3  55.  Defendants deny the allegations in paragraph 55 of the complaint.

4  56.  In response to paragraph 56 of the complaint, Defendants incorporate herein its answers above to paragraphs 1 through 55 as though they were set forth in full at this point.

6  57.  Defendants deny the allegations in paragraph 57 of the complaint.

## DEFENDANTS MUTUAL SERVICE CORPORATION AND MICHAEL T. WOODS' AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Defendants upon which relief may be granted.

2. Plaintiff's claims against Defendants are barred by the doctrine of laches.

3. Plaintiff's claims against Defendants are barred by the doctrine of estoppel.

4. Plaintiff's claims against Defendants are barred by the doctrine of waiver.

5. Plaintiff's claims against Defendants are barred because Plaintiff failed to mitigate her damages.

6. Plaintiff's claims against Defendants are barred by the applicable statutes of limitation.

- <u>ERISA claim</u>: must be commenced within three years after the earliest date on which the plaintiff had actual knowledge of the breach of violation. 29 U.S.C. § 1113(2).

- <u>Breach of Fiduciary claim</u>: must be commenced within four years after the cause of action accrued. Cal. Code Civ. Proc. § 343.

- <u>Professional Negligence claim</u>: must be commenced within two years after the discovery of the loss or damage suffered by the aggrieved party. Cal. Code Civ. Proc. § 339(1).

- <u>Breach of Written Contract claim</u>: must be commenced within four years after the alleged action or violation. Cal. Code Civ. Proc. § 337(1).

- **Fraud claim**: must be commenced within three years of the discovery of the aggrieved party of the facts constituting the fraud. Cal. Code Civ. Proc. § 338(d).
- **Negligent misrepresentation claim**: must be commenced within two years after the discovery of the loss or damage suffered by the aggrieved party. Cal. Code Civ. Proc. § 339(1).

**WHEREFORE**, Defendants Mutual Service Corporation and Michael T. Woods pray for the following relief:

  a. That this Court dismiss Plaintiff's complaint against Defendants Mutual Service Corporation and Michael T. Woods, with prejudice;

  b. That this Court deny all of Plaintiff's requests for relief as against Defendants Mutual Service Corporation and Michael T. Woods;

  c. That this Court award Defendants Mutual Service Corporation and Michael T. Woods all of their costs incurred in connection with this action; and

  d. For such other and further relief as this Court deems just and proper.

Dated: May 27, 2008                **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**

By: s/William M. Turner
WILLIAM M. TURNER
Attorneys for Defendants Mutual Service Corporation and Michael T. Woods