TIMOTHY A. CANNING,   Cal. State Bar No. 148336
Law Offices of Timothy A. Canning
1125 16th St., Suite 204
PO Box 4201
Arcata, CA 95518
(707) 822-1620;  Fax: (707) 760-3523
tc@tclaws.com

Attorney for Plaintiff Rindy Merrifield

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RINDY MERRIFIELD, individually and as trustee of the RINDY MERRIFIELD INC. DEFINED BENEFIT PLAN, | Case No. C 08-02247 SI |
| | JOINT CASE MANAGEMENT STATEMENT |
| Plaintiff | |
| v. | Date: 8/15/2008 |
| | Time: 2:00 pm |
| | Courtroom:  10, 19th Floor |
| MUTUAL SERVICE CORPORATION and MICHAEL T. WOODS, | |
| | Telephone Appearance Requested by Plaintiff's Counsel |
| Defendants | |
| _____/ | |

Plaintiff Rindy Merrifield and defendants Mutual Service Corporation and Michael T. Woods hereby submit the following Joint Case Management Statement.

**1.  Jurisdiction & Service**

Plaintiff  asserts that   this Court has subject matter jurisdiction over this matter under 29 U.S.C. § 1132 and 28 U.S.C.§1367(a), as this action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq., and the

1

remaining claims are subject to this court's supplemental jurisdiction.  All parties have been served and have answered the complaint.

**2.   Brief Statement of Facts**

Beginning in or about March, 2001,  plaintiff retained defendants – a registered stock broker-dealer and a registered associated person of that broker-dealer -- to render investment advice, transact securities trades, and manage investments for a Defined Benefit Plan, as well as for plaintiff's Individual Retirement Account ("IRA") and for plaintiff's personal account.  Plaintiff alleges that defendants agreed to manage the assets in the accounts on a discretionary basis; defendants deny this allegation.

Plaintiff alleges that defendants did not act in conformity with the rules and regulations applicable to the securities industry and registered investment advisors. Plaintiff further alleges that defendants' recommendations and transactions in the plan were not in the best interests of the plan. Defendants deny these allegations.

Plaintiff alleges that, between March, 2001 and October, 2005, defendants actively traded the securities held in the plan, so much so that the transactions in the plan generated $110,000 in commissions on an average account equity of $219,000; this resulted in a "cost equity ratio" in excess of 12 percent, which is excessive by industry standards.  Plaintiff alleges that the transactions made by defendants in the plan account lacked any reasonable basis and were unsuitable. Defendants deny these allegations.

Plaintiff alleges that beginning in or about August, 2001 and continuing through November, 2005, plaintiff's personal accounts were also excessively traded by defendants.  Plaintiff alleges that Defendants also recommended that plaintiff invest in a "direct participation program", by way of false statements and non-disclosures of material information. Defendants deny these allegations.

The parties originally submitted this dispute to contractual arbitration at the National Association of Securities Dealers (now known as FINRA).  In response to defendants' objections to plaintiff being represented by a non-attorney advocate, the

Joint Case Management Conf.              *Merrifield v Mutual Service Corp.*  08-cv-02247 SI

arbitrators dismissed the arbitration without prejudice to the parties seeking judicial remedies.

### 3. Legal Issues

Plaintiff does not anticipate any substantive legal issues to arise;  instead, plaintiff anticipates that this case will turn on factual findings.

### 4. Motions

There are no current motions pending.  Plaintiff does not currently anticipate filing any substantive motions.  Defendants may file a motion for summary judgment.

### 5. Amendment of Pleadings

Plaintiff and defendant do not anticipate amending any pleadings.

### 6. Evidence Preservation

As the parties have delivered relevant documents to their respective counsel, neither party anticipates any problems with evidence preservation.

### 7. Disclosures pursuant to Rule 26

The parties have made informal disclosures, consisting of the documents and witnesses identified and exchanged in the preceding contractual arbitration.  The parties intend to have formal disclosures completed by the case management conference.

### 8. Discovery

No party has propounded discovery in this action.  Plaintiff anticipates seeking telephone records from telephone and cellular phone service providers by way of third-party subpoenas.  Defendants also intend to conduct third-party discovery, including depositions.  All parties plan on deposing the opposing party.  Neither party seeks limitations or modifications of discovery rules or the Rule 26 discovery plan.

### 9. Class Actions

This is not a class action.

**10. Related Cases**

The parties are not aware of any related cases pending before any court or administrative body.

**11. Relief**

The pension plan seeks damages in the amount of $304,000, which is calculated based on the diminution in value of investments held in the plan (approximately $119,000),  commissions paid to defendants in the amount of $110,000, and the amount of funds plaintiff was required to deposit into the pension plan in order to pay benefits required by the plan.  The plan also seeks recovery of attorneys' fees and costs, and prejudgment interest.

Plaintiff individually seeks damages in the amount of $50,000, calculated based on investment losses, as well as prejudgment interest.

Defendants assert that plaintiff is not entitled to any relief.

**12. Settlement and ADR**

All parties have agreed to mediation within the next 90 days.

**13. Consent to Magistrate**

Plaintiff does not consent to having a magistrate judge conduct all further proceedings in this matter.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on MDL.

**15. Narrowing of Issues**

The parties currently do not believe that the issues can be narrowed, though the parties are willing to cooperate in stipulating to foundational facts and authenticity of documents where appropriate.

**16. Expedited Schedule**

The parties do not believe that this case is entitled to be handled on an

expedited basis.  As all parties were prepared to present their respective cases in a binding arbitration proceeding, the parties do not require as much preparation prior to trial.

**17. Scheduling**

The parties propose the following schedule:

Expert Designation and Disclosures:  60 Days before trial

Discovery Cut-off: 30 days before trial

Dispositive Motions Filed: 60 days before trial

Pretrial Conference: 1 week before trial

Trial:  Plaintiff is available for trial any time after February 23, 2009, excluding April 13 through April 17, 2009 and April 28 through May 1, 2009.

Defendants are available for trial after May 11, 2009, excluding July 13-17, 2009 and September 21-October 9, 2009.

**18. Trial**

Plaintiff has requested a jury trial.  Plaintiff anticipates 7 court days for trial, including jury selection.

**19. Disclosure of Non-Party Interested Entities or Persons**

The parties do not know of any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

///

///

///

///

///

Joint Case Management Conf.                    *Merrifield v Mutual Service Corp.*  08-cv-02247 SI

**20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

The parties are unaware of any such matters.

Law Offices of Timothy A. Canning

Dated:  August 8, 2008                    By:__/s/ Timothy A. Canning
                                              Timothy A. Canning
                                              Attorney for Plaintiff Rindy Merrifield


Jones, Bell, Abbott, Fleming & Fitgerald

Dated:  August 8, 2008                    By:__/s/ William M. Turner
                                              William M. Turner
                                              Attorney for Defendants Mutual Service
                                              Corporation and Michael T. Woods.

Joint Case Management Conf.              *Merrifield v Mutual Service Corp.*  08-cv-02247 SI